UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

TRANS COMMODITIES, INC.,   Civil Action No. 18-civ-10177

                Plaintiff,

v.   **COMPLAINT**

YURIY GINATULIN,

                Defendant.

---------------------------------------------------------------x

Plaintiff, Trans Commodities, Inc., by its attorneys, Kestenbaum, Dannenberg & Klein, LLP, as and for its Complaint in the above-entitled action, alleges as follows:

### ALLEGATIONS REGARDING THE
### PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a New York (U.S.) corporation with offices located in the City, County and State of New York.

2. Upon information and belief, defendant is a citizen and resident of the Russian Federation.

3. The matter in controversy in this action exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between a citizen of New York State and a citizen or subject of a foreign state.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2).

5. Venue lies in this district, pursuant to 28 U.S.C. § 1391(a)(2) and/or (3), as the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred and the judicial district in which defendant is subject to personal jurisdiction by virtue of a contractual agreement to that effect.

## ALLEGATIONS COMMON TO BOTH CLAIMS

6. Upon information and belief, during the period from 2000 to 2010, defendant resided and did business in Almaty, Republic of Kazakhstan.

7. Upon information and belief, sometime in in the year 2000, defendant and two other individuals, Rashit Sarsenov ("Mr. Sarsenov") and Ahmad Saddique ("Mr. Saddique"), became a founding members of a newly-formed Republic of Kazakhstan limited liability company named Caspian Progressive Technology, Ltd. ("CPT"), with ownership of CPT apportioned 25% to defendant, 50% to Mr. Sarsenov, and 25% to Mr. Saddique.

8. Upon information and belief, CPT has become a multi-million dollar company engaged in the business of purchasing petroleum products from local refineries, and selling those products through a chain of gas stations owned by CPT within the Republic of Kazakhstan.

9. In or about July 2006, plaintiff made a business loan to defendant in the aggregate sum of One Hundred Million U.S. Dollars ($100,000,000.00) (the "Loan").

10. By Promissory Note executed in New York, dated as of July 1, 2006 (the "Note"), defendant acknowledged his agreement to repay the Loan to plaintiff on demand, together with interest compounded annually at a rate of 15% per annum.

11. In order to provide collateral security for the Loan, plaintiff and defendant executed a Pledge Agreement in New York, dated as of July 1, 2006 (the "Pledge Agreement"), pursuant to which defendant pledged to plaintiff his 25% ownership interest in CPT.

12. In accordance with the Pledge Agreement, any failure on the part of defendant to repay the Loan, plus interest, to plaintiff under the terms and conditions set forth in the Note constituted an "event of default."

13. Also under the Pledge Agreement, upon the occurrence of such an "event of default," defendant became obligated to transfer to plaintiff his 25% ownership interest in CPT, and to have that ownership interest registered in plaintiff's name.

14. Upon information and belief, in or about October 2010, defendant acquired an additional 25% ownership interest in CPT through a transfer to defendant of the ownership interest that had previously been held in that company by Mr. Saddique, as a result of which defendant then became the owner of record of a 50% ownership interest in CPT (hereinafter referred to as "Defendant's CPT Shares").

15. By Amendment to Pledge Agreement executed in New York, dated as of October 23, 2010, plaintiff and defendant agreed to modify the Pledge Agreement by, among other things, having defendant add the additional 25% ownership interest in CPT that he had acquired from Mr. Saddique to defendant's pledge to plaintiff, in consideration for which plaintiff agreed that, in the event of a default under the Note, defendant would transfer, and plaintiff would accept, Defendant's CPT Shares as the sole and exclusive remedy for any claim based on the Note, the Pledge Agreement, or the Amendment to the Pledge Agreement.

16. More specifically, in the Amendment to Pledge Agreement, the parties agreed that, in the event of defendant's failure to cure within 30 days of his receipt of a notice of

(a) a default under the Note or the Pledge Agreement, or (b) a failure to pay principal and interest when due under the Note, defendant would be obligated to turn over to plaintiff all of defendant's interest in Defendant's CPT Shares.

17. The Note and the Pledge Agreement (and, by reference to the Pledge Agreement, the Addition to Pledge Agreement) provided that any disputes between the parties be resolved by legal action in state or federal court in New York, NY (U.S.), with defendant expressly waiving any defense based on lack of personal jurisdiction or improper venue.

### FIRST CLAIM FOR RELIEF
### (For Specific Performance, Compelling Transfer of Defendant's CPT Shares)

18. By letter hand-delivered to, and with receipt acknowledged by, defendant as of July 1, 2018, plaintiff duly demanded repayment of the principal amount of the Loan, together with all outstanding interest, in accordance with the Note.

19. Notwithstanding the foregoing, no payment was thereafter made by Defendant to Plaintiff of all or any part of the principal amount of the Loan, or of any interest or other amount due under the Note.

20. By letter hand-delivered to defendant, and with receipt acknowledged by defendant as of August 1, 2018, defendant was duly notified that he was in default under the Note, the Pledge Agreement, and the Amendment to Pledge Agreement, as a result of which defendant became obligated to turn over to plaintiff all of defendant's interest in Defendant's CPT Shares no later than August 31, 2018.

21. Notwithstanding the foregoing, defendant has failed to turn over to plaintiff his interest in Defendant's CPT Shares.

22. As a result of the foregoing, plaintiff is entitled to specific performance of the terms, conditions and provisions of the Pledge Agreement, as modified by the Amendment to Pledge Agreement, in the form of a judgment of this Court, ordering and directing defendant to transfer and turn over to plaintiff all of Defendant's CPT Shares, and declaring plaintiff to be the lawful and rightful owner of Defendant's CPT Shares.

## SECOND CLAIM FOR RELIEF
### (For Breach of Contract)

23. Plaintiff repeats and realleges each and every allegation contained in paragraphs 18-22 above, as though the same had been more fully set forth herein.

24. If for any reason the grant of specific performance requested in the First Claim for Relief above should be impossible, impractical, or otherwise unavailable, defendant should be deemed to be in breach of his obligations to plaintiff under the Note.

25. By virtue of that breach by defendant of his obligations under the Note, plaintiff has suffered money damages.

26. As a result of the foregoing, and in the alternative to the relief set forth in the First Claim for Relief above, plaintiff is entitled to money damages in the principal amount of the Loan, $100,000,000.00, plus interest, costs and attorneys' fees.

## JURY DEMAND

27. Plaintiff requests a trial by jury.

WHEREFORE, plaintiff respectfully demands judgment against defendant in this action, (i) ordering and directing defendant to transfer and turn over to plaintiff all of Defendant's CPT Shares, and declaring plaintiff to be the lawful and rightful owner of Defendant's CPT Shares, (ii) alternatively, for money damages in the amount of $100,000,000.00, plus interest, costs and attorneys' fees, and (iii) for such other and further relief as to this Court may seem just and proper, including the costs and disbursements of this action.

Dated: November 1, 2018

                                          **KESTENBAUM, DANNENBERG & KLEIN, LLP**
                                          Attorneys for Plaintiff

                                          By: _____
                                                  Jeffrey C. Dannenberg (JD-3270)

                                          260 Madison Avenue (17th Floor)
                                          New York, NY 10016
                                          (212) 486-3370
                                          Email: jdannenberg@kdklaw.com